## CHAVEZ et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
November 24, 1928.

No. 8242.

George R. Craig, of Albuquerque, N. M. (Dennis Chavez, of Albuquerque, N. M., on the brief), for appellants.

Claud S. Mann, Asst. U. S. Atty., of Santa Fé, N. M. (John W. Wilson, U. S. Atty., of Albuquerque, N. M., on the brief), for the United States.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

VAN VALKENBURGH, Circuit Judge. Appellants, Ambrosio Chavez and Antonio Parra, alias Manuel Dillas, were indicted, together with one Alberto Gutierrez, for conspiracy to commit against the United States the offense of willfully, knowingly, and unlawfully transporting intoxicating liquors, to wit, whisky and cognac, from Mesilla Park, in the state of New Mexico, to Albuquerque, in the same state. The liquor in question was to be transported in three trunks, which were to be shipped while empty, by express, from Albuquerque by the defendant Ambrosio Chavez to the defendant Alberto Gutierrez at Las Cruces. These trunks were then to be filled with the intoxicating liquor aforesaid, and thereafter to be transported as baggage, via the Atchison, Topeka & Santa Fé Railway, by the defendant Parra, alias Dillas, from Mesilla Park to Albuquerque, where they were to be received and unloaded by the defendant Chavez. The first overt act alleged was the shipment, on the 29th day of November, 1927, via American Railway Express, of the three empty trunks by Chavez, from Albuquerque, to Gutierrez, at Las Cruces. The second overt act involved the purchase by Parra, on November 30th, 1927, of a railway passenger ticket from Mesilla Park to Albuquerque, and the placing by him of the said three trunks, loaded with intoxicating liquor, as aforesaid, as baggage on the passenger train of the Atchison, Topeka & Santa Fé Railway Company bound for Albuquerque. Upon trial appellants were convicted and sentenced to serve a term of 18 months in the United States penitentiary at Leavenworth, Kan.

■ We are met at the threshold by a motion to dismiss the appeal for alleged violation of the provisions of rule 11 of this court, which provides:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed."

Appellants filed their petition for appeal March 23, 1928. The assignments of error were not filed until June 19, 1928. At the time this appeal was taken the Act of January 31, 1928 (28 USCA § 861b, note), providing that no petition for appeal should be required, was in force; therefore, rule 11 was without application. Among members of the bar uncertainty existed as to the details of procedure in taking an appeal. In the trial court no objection was made to the filing of the assignments of error, nor has any prejudice resulted from the delay. In the absence of a rule having clear application to the situation under the changed law, we do not think the motion to dismiss should be entertained.

■ It appears from the testimony that, on the evening of November 29th, appellant Chavez, at Albuquerque, shipped three empty trunks by American Express to Gutierrez, at 218 North San Pedro street, Las Cruces, N. M. This is established by witnesses and records of the American Railway Express Company. Upon arrival at Las Cruces, on the morning of November 30th, they were received by Gutierrez, who directed an expressman to deliver them to the address named; there the wife of Gutierrez received and receipted for them; that evening at Mesilla Park, the next station beyond Las Cruces, and three miles distant therefrom in the direction of El Paso, the appellant Parra, under the name of Dillas, purchased a ticket for Albuquerque and received baggage checks for three trunks, which he valued at $75, signing a valuation slip for that amount. Upon arriving at Las Cruces a patrolman in the immigration service boarded the train to inspect it for aliens. Parra was pointed out to him as the only passenger who boarded the train at Mesilla Park. Parra was recognized by the patrolman. He was met at the train by Gutierrez, and the two departed in company. Parra proceeded no further toward Albuquerque. The patrolman then went to the baggage car and examined the trunks, and, finding they contained liquor, held them for delivery to the prohibition agents at Albuquerque. The trunks were found to contain intoxicating liquor, named in the testimony as "cognac and straight American whisky." Later in the day Chavez, known to the chief of police as a bootlegger, was heard by two witnesses to state that the prohibition agent was watching some trunks down at the depot, and that he had told him, Finley, he might just as well "go home and go to bed, no one was going to come after them." When asked what the trunks contained, he replied, "American straight, cognac and champagne." The identity of Parra, as the signer of the valuation slip at Mesilla Park in the name of Dillas, was further shown by a comparison of handwriting. All the facts above set forth were established by competent witnesses and testimony, and resulted in conviction at the hands of the jury.

In their assignments of error appellants urge that the government failed to show that any conspiracy or confederation existed between any two of the defendants. We think, however, that the evidence furnished ample support for the finding of the jury. The relationship between Parra and Gutierrez was apparent, and the connection of Chavez is established, not only by the proven shipment of the trunks in the first instant, but also by his subsequent knowledge of their contents when returned to Albuquerque. Objections made to the competency of the documentary proofs of the shipments are found to be without merit.

■ It is further urged that a fatal variance exists, because in the overt act the indictment states that the shipment from Mesilla Park to Albuquerque was on train No. 14 of the "Atchison, Topeka & Santa Fé," the objection being that the title of the railroad is incompletely stated. In the charging part of the indictment it is stated that the trunks were to be transported by way of the Atchison, Topeka & Santa Fé Railway. It appears in the testimony that that was the only railroad between the points in question. The language of the overt act may, of course, be made more definite by the allegations in the charging part of the indictment. The statement made was sufficiently specific to inform the defendants of the charge against them, to enable them to prepare their defense, and to protect them from future prosecution for the same act. The provisions of section 269, Judicial Code (28 USCA § 391), has direct application, and this specification of error merits no indulgence.

We think the entire record clearly estab-

lishes the agreement and understanding between the parties to commit the offense charged and by the means stated, that the testimony and evidence were competent and amply sufficient to support the verdict, and that the judgment of conviction should be affirmed.

It is so ordered.